JOSEPH F. SCHWAB, ADMINISTRATOR OF MINNIE SCHWAB, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed March 3, 1919.*

GOVERNMENTAL FUNCTION—*non-liability of State.* The State in conducting and managing its Charitable Institutions is exercising a governmental function and is not liable for the negligence of its agents, servants or employees.

INMATE—*cannot recover for injuries received.* An inmate of a Charitable Institution of the State cannot recover for personal injury sustained through the negligence or tort of the officers, servants, agents or employees of the institution. (*Henke* v. *State*, 2 C. C. II, followed.)

Edward J. Brundage, Attorney General, for State.

This suit is brought against the State for five thousand dollars ($5,000.00) damages for the death of Minnie Schwab.

It appears that said Minnie Schwab was committed to the Illinois State Hospital for the Insane at Kankakee, Illinois, in April, 1915, for treatment for temporary insanity, and that while in said hospital under the care of the State of Illinois, on July 28th, 1915, said Minnie Schwab was being given a hot water bath by one of the attendants of said institution, said bath being prescribed by one of the physicians of said hospital, and that the attendant in charge of said Minnie Schwab carelessly and negligently placed the said Minnie Schwab in a bath of hot water and left her unattended for the space of about twenty minutes without any attention to the temperature of the water, and allowed the hot water to run into the tub without any attention to its temperature, and that during said time the water became so hot, and the temperature of the water was so increased that the said Minnie Schwab was scalded and burned so severely that she died on July 29th, 1915.

Plaintiff was appointed administrator of said deceased by the Probate Court of Cook County, Illinois. The State, through the Attorney General, has filed a demurrer to said declaration. No testimony was taken in said cause, but the Attorney General through his representative, appeared before this Court in person and admitted the facts as stated in the declaration to be true, for the purpose of making a finding of fact herein. There has also been filed in said cause the affidavit of plaintiff as administrator of said Minnie Schwab, deceased, with the consent of the State through the Attorney General, in which it appears that said plaintiff's intestate was forty-two (42) years of age and unmarried, at the time of the injury, and for two years preceding her commitment to the hospital, had been in poor health; that the administrator is a brother of said decedent and the only heir at law.

It also appears from said affidavit that said Joseph F. Schwab, the brother, expended about fifteen hundred ($1,500.00) dollars for doctor bills, nursing, and expenses in connection with the illness of said deceased, and that said deceased earned approximately seventy dollars ($70.00) per month when she was employed.

In the opinion of the Court, there is no liability on the part of the State in this case, as under the decisions of this Court, "the State is not responsible or liable for the torts or negligence of its officers, agents or servants, and the doctrine of *respondeat superior* does not apply to the State," *Henke* v. *State of Illinois,* 2nd Court of Claims Reports, page 11. The claim is therefore rejected.

At the request of the Governor, we make the following finding of law and facts in this case:

*First*—That the State of Illinois, in conducting the Illinois State Hospital for the Insane at Kankakee, Illinois, is exercising a governmental function and is therefore not liable for injuries to any of the inmates, as the doctrine of *respondeat superior* does not apply to the State.

*Second*—We find that if the State waived its sovereignty and submitted to the same rule of law which apply to a private hospital, in caring for and treating patients for pay, that under the facts in this case, the State would be liable for damages for the death of said deceased.

*Third*—From the statements in the declaration and affidavit accepted in this case in lieu of evidence, we believe that said deceased, being of the age of 42 years, would have recovered from her temporary condition of insanity and would have had considerable earning capacity; that she was unmarried and had no one directly dependent upon her. We believe that the negligence of the attendants in said hospital was so gross and this patient was so carelessly mistreated that it would be only proper for the Legislature, if it saw fit, to allow the estate of said deceased, not to exceed the sum of twenty-five hundred dollars ($2,500.00) in this case.